1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PAULA A. NORRIS-GRECO,                    )    Civil No. 11-CV-2842 W (NLS)
                                          )
                        Plaintiff,        )    **REPORT AND RECOMMENDATION**
                                          )    **FOR DISMISSAL OF PLAINTIFF'S**
v.                                        )    **COMPLAINT FOR LACK OF**
                                          )    **SUBJECT-MATTER JURISDICTION**
MICHAEL J. ASTRUE, Commissioner of        )
Social Security,                          )
                                          )
                        Defendant.        )
                                          )

Pursuant to the Order of the Hon. Thomas J. Whelan, the undersigned has reviewed the record to determine whether subject-matter jurisdiction exists in this action.  (Dkt. No. 18 at 5-6.[1])  This Court concludes that subject-matter jurisdiction does not exist, and therefore **RECOMMENDS** that this action be **DISMISSED.**

**I.      BACKGROUND**

On or about March 25, 2008, Plaintiff filed her first application for Social Security disability benefits ("first application").  (Dkt. No. 20-1 at 1.)  This application was denied on April 25, 2008. (Dkt. No. 24-1 at 22.)  Plaintiff did not seek review of this denial; therefore, it became a final determination on the merits.  *See Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985).

///

///

_____

[1]Citations to page numbers refer to those assigned by the ECF system.

On May 20, 2009, Plaintiff filed a second application for benefits ("second application").[2]  (Dkt. No. 9-2 at 5.)  This application was denied on the basis of *res judicata*, and a request for reconsideration confirmed the denial.  (Dkt. No. 9-2 at 7, 10.)  An Administrative Law Judge ("ALJ") affirmed the determination of *res judicata* and dismissed Plaintiff's request for a hearing.  (Dkt. No. 24-5 at 4-5.)  The Appeals Council denied Plaintiff's request for review.  (Dkt. No. 9-2 at 21.)

On December 6, 2011, Plaintiff commenced this action seeking judicial review of her second application for disability benefits under Title II of the Social Security Act.  (Dkt. No. 1.)  On February 21, 2012, Defendant moved to dismiss on the grounds that this Court does not have subject-matter jurisdiction.  (Dkt. No. 9.)  He argued that Plaintiff's second application for benefits was denied on the basis of *res judicata*, and therefore there was not a "final decision" in place for judicial review.  (Dkt. No. 9-1 at 3-5.)  On April 2, 2012, the undersigned recommended to the District Judge that Defendant's motion be granted and that this action be dismissed for lack of subject-matter jurisdiction.  (Dkt. No. 15.)

On May 17, 2012, the District Judge issued an Order rejecting the Report and Recommendation.  (Dkt. No. 18.)  He concluded that the Court does have jurisdiction to review whether *res judicata* was properly applied, or whether a claim denied on the basis of *res judicata* was, in fact, re-opened.  *Id.* at 4-5.  The matter was remanded to the undersigned for consideration of whether Plaintiff's "first and second applications assert the 'same claim' for administrative *res judicata* purposes."  *Id.* at 5-6.  This Court thereafter issued an Order directing Defendant to lodge the record of both of Plaintiff's applications in order to undertake this evaluation.  (Dkt. No. 19.)

On June 25, 2012, Defendant filed supplemental briefing, and attached the "Application Summary for Disability Insurance Benefits" for Plaintiff's 2008 and 2009 applications.  (Dkt. Nos. 20-1 and 20-2.)  This Court determined that the summaries did not contain sufficient information, and again ordered Defendant to file the record of Plaintiff's applications.  (Dkt. No. 23.)  The record was filed, along with further supplemental briefing by the parties.  (Dkt. Nos. 24-26.)  The issue of whether this Court has subject-matter jurisdiction to review Plaintiff's second application for disability benefits is

---

[2]There is evidence in the record to suggest that this application was filed on May 19, 2009.  *See e.g.* Dkt. No. 24-5 at 4.

1    now ready for adjudication.

2    **II.    ANALYSIS**

3         The Social Security Act awards benefits to individuals who have a demonstrated mental or

4    physical disability that is covered by the Act.  *Califano v. Sanders*, 430 U.S. 99, 101 (1977).  A claimant

5    must show that this disability arose prior to the expiration of his or her insured status.  *Id.*  Judicial

6    review of Social Security determinations is governed by 42 U.S.C. § 405(g), which provides:

7            Any individual, after any final decision of the Commissioner of Social Security made
     after a hearing to which he was a party, irrespective of the amount in controversy, may

8            obtain a review of such decision by a civil action[.]

9    This provision clearly limits the ability of a court to engage in judicial review to a "final decision made

10   after a hearing."  The Supreme Court noted in *Califano* that § 405(g) does not "authorize judicial review

11   of alleged abuses of agency discretion," and concluded that there was no jurisdiction to review a

12   Commissioner's refusal to re-open a previously adjudicated claim.  *Id.* at 107-09.  This reasoning has

13   been extended to a Commissioner's application of *res judicata* to a claim.  *Krumpelman v. Heckler*, 767

14   F.2d 586, 588 (9th Cir. 1985).  However, there are three exceptions to this general rule.

15        **A.    Proper Application of *Res Judicata***

16        First, a district court has jurisdiction to determine whether *res judicata* was properly applied at

17   the agency level, and whether the claim precluded is the same as the claim previously determined.

18   *McDonald v. Barnhart*, No. C 01-03738 WHA, 2002 WL 31663233 at *2 (N.D. Cal. Nov. 19, 2002).  If

19   a pending claim is not the same as a previous claim, jurisdiction to engage in judicial review exists.  *Id.*

20        Thus, this Court must determine whether Plaintiff's first and second applications assert the same

21   claim.

22        **1.    2008 Application**

23        Plaintiff's first application and related materials are located at Exhibit 1 of the record.  (Dkt. No.

24   24-1.)  On the Disability Report, Form SSA-3368, Plaintiff listed her condition as "MS."[3]  *Id.* at 46.  In

25   explaining how this illness affected her ability to work, she stated issues such as optic neuritis,

26   migraines, tripping and falling, and numbness in her hands and arms.  *Id.*  She asserted that she became

27   
28        [3]A common abbreviation for multiple sclerosis, an autoimmune disease that affects the brain and
     spinal cord.  PubMed Health, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001747 (last visited
     December 3, 2012).

unable to work on January 1, 2000 (her "alleged onset date").  *Id.*  She listed Kaiser and Unum

Insurance as entities in possession of her medical records, and stated that she saw Dr. Folks and Dr.

Spinka at Kaiser on a regular basis.  *Id.* at 48-49.  Plaintiff signed a release for her medical records on

February 29, 2008.  *Id.* at 36.

Plaintiff's application received a psychiatric case analysis and a physical case analysis.  *Id.* at 63-

82.  Her psychiatric case analysis noted allegations of depression, anxiety, and a personality disorder, as

well as MS.  *Id.* at 63.  The evaluator reviewed objective findings in Plaintiff's medical records, and

noted several reports from Dr. Spinka ranging in time from January 22, 2003, to May 22, 2007.  *Id.*  The

evaluator concluded that there was "no evidence to support that she was functionally limited by any

mental problems," up to her last insured date of December 31, 2005.  *Id.* at 64.

In her physical case analysis, her allegation was listed as MS.  *Id.* at 65.  The evaluator reviewed

objective findings from Plaintiff's medical records, and noted several reports from four of her treating

physicians, ranging in time from October 11, 2000, to April 9, 2008.  *Id.* at 65-66.  The evaluator

concluded that Plaintiff did have MS during her insured period, but that it was relatively stable between

her alleged onset date and her last insured date.  *Id.* at 66.

On April 28. 2008, Plaintiff's first application was denied.  *Id.* at 22.[4]  The denial notice listed

the bases for her claim as multiple sclerosis and anxiety, and stated that these illnesses were under

control between her alleged onset date and her last insured date.  *Id.*  Based on the medical records in the

file, the Social Security Administration found Plaintiff capable of working during the time period in

question.  *Id.*  The notice also included information about how to appeal the determination, how to file a

new application, and how to obtain assistance if she chose to appeal.  *Id.* at 24-25.

### 2.      2009 Application

Plaintiff's second application and related materials are found at Exhibit 2 of the record.  (Dkt.

No. 24-2.)  On Form 3368, Plaintiff listed her condition as multiple sclerosis and impaired vision related

to MS.  *Id.* at 31.  In explaining how this illness affected her ability to work, Plaintiff cited limitations

with walking, difficulty grasping a glass, memory problems, fatigue, poor eyesight, migraines, heat

sensitivity, and occasional depression.  *Id.*  Her alleged onset date was March 28, 2000.  *Id.*  She again

---

[4]Contrary to Plaintiff's assertions, this notice is part of the record.

listed her physicians at Kaiser, Dr. Folks and Dr. Spinka, on her application, as well as Unum Insurance. *Id.* at 33-35.  She also listed Sharp Grossmont Hospital.  *Id.* at 34.  The majority of the record of Plaintiff's second application is duplicative of her first application, but there are some new medical records from 2008 and 2009.  *Id.* at 102-167.  None of these new records contain new or material evidence regarding Plaintiff's condition prior to her last insured date of December 31, 2005.  *Id.*

### 3.    Application of *Res Judicata*

Both of Plaintiff's applications stem from her MS and MS related symptoms.  The time period covered in her second application is within the time period listed on her first application.  The medical records submitted that relate to that particular time period are essentially the same.  Plaintiff's primary contention appears to be that there were two "medical source" statements from her treating physician that were part of her second application, but were not part of her first application.  (Dkt. No. 25 at 5.) These two reports were prepared by Dr. Spinka on July 29, 2004, and February 26, 2006, and were on Unum Insurance forms.  (Dkt. No. 24-2 at 356-60.)  However, these reports are also part of the record of Plaintiff's first application.  (Dkt. No. 24-1 at 251-55.)

In her second application, Plaintiff put forth a claim based on the same cause, for the same time period, and using the same evidence, as her first application.  Therefore, her second claim is the same as her first, for the purposes of this inquiry, and *res judicata* was properly applied to Plaintiff's second application.  *See McDonald*, 2002 WL 31663233 at *2; *Krumpelman*, 767 F.2d at 588.  Therefore, this Court does not have subject-matter jurisdiction over this action, unless another exception applies.

### B.    *De Facto* Re-opening of Claim

A second exception to the *res judicata* jurisdictional bar is if the Commissioner denied a claim on the basis of *res judicata*, but actually re-opened the claim by considering it on the merits.  *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981).

In order to determine whether a claim is barred on the basis of *res judicata*, the Commissioner "must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim."  *Krumpelman*, 767 F.2d at 589. citing *McGowen*, 666 F.2d at 67.  A hearing was held

///

///

1   on March 24, 2011, to "address why [*res judicata*] should not apply to this application.⁵" (Dkt. No. 24-4

2   at 5.)  At this hearing, Plaintiff's counsel stated that she did not know what evidence the Administration

3   used to deny the first application.  *Id.* at 6.  However, she believed that the July 2004 opinion statement

4   from Dr. Spinka was not part of the first claim and constituted new and material evidence.  *Id.* at 7.

5   Based on counsel's statement, which the ALJ said he would "re-evaluate later," and out of an

6   "abundance of caution," the ALJ allowed Plaintiff to present her case.  *Id.* at 8-9.⁶  However, the ALJ

7   subsequently dismissed Plaintiff's request for a hearing on the basis of *res judicata*.  (Dkt. No. 24-5 at 4-

8   5.)  In doing so, he concluded that no new and material evidence had been submitted.  *Id.*  If a threshold

9   inquiry has resulted in a conclusion that *res judicata* applies, the decision should not be interpreted as

10  re-opening the claim.  *Krumpelman*, 767 F.2d at 589; *McGowen*, 666 F.2d at 68.

11      Therefore, this Court concludes that Plaintiff's claim was not re-opened, and that *res judicata*

12  bars judicial review of her second application.

13  ### C.   Colorable Constitutional Claim

14      The third basis for allowing judicial review of a claim dismissed on *res judicata* grounds is if

15  Plaintiff states a "colorable constitutional claim of a due process violation that implicates a due process

16  right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits

17  determination."  *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) quoting *Evans v. Chater*, 110

18  F.3d 1480, 1483 (9th Cir. 1997).   Such a claim must not be "wholly insubstantial, immaterial, or

19  frivolous."  *Id.*

20      In filing her objections to the undersigned's previous Report and Recommendation, Plaintiff

21  argued that "the case does arguably present a colorable constitutional claim."  (Dkt. No. 16 at 6.)  The

22  District Judge disagreed, and when he remanded the matter he stated that the "complaint alleges no facts

23  to support any constitutional claim."  (Dkt. No. 18 at 6.)  He further instructed that if Plaintiff "seeks to

24

25      ⁵This type of hearing is not a "hearing" within the meaning of § 405(g).  *Rios v. Secretary of Health, Education and Welfare*, 614 F.2d 25, 26 (1st Cir. 1980).

26

27      ⁶It is evident from the transcript that what took place during the hearing is slightly different than how Plaintiff characterized the discussion in the briefing.  The ALJ did not unequivocally state that the

28  documents were not in the file, and did not state conclusively that the evidence was not part of the prior application.  *Compare* Dkt. No. 25 at 5-6 with Dkt. No. 24-4 at 6-9.  Counsel are reminded of their continuing obligation to communicate candidly with the Court, and to abide by Civil Local Rule 83.4.

assert a constitutional claim in this action, she may seek leave from the magistrate judge to amend her complaint." *Id.* In ordering the supplemental briefing on the issue of jurisdiction, this Court set a deadline for Plaintiff to seek leave to amend the complaint. (Dkt. No. 19.) No application to amend the complaint was filed, and this fact was acknowledged by Plaintiff during previous briefing. (Dkt. No. 21 at 3.) Yet, Plaintiff continues to argue that the record "suggests a colorable constitutional claim." (Dkt. No. 25 at 8.) Notably, Plaintiff is still not seeking leave to amend the complaint. In any event, a colorable constitutional claim requires a showing that Plaintiff had a disability that prevented her from understanding and pursuing her administrative remedies. *McDonald*, 2002 WL 31662322 at *3. Even if Plaintiff were to seek leave to amend her complaint, it is not evident from the record that she would be able to meet this standard.

As it stands now, Plaintiff's complaint does not contain a colorable constitutional claim, and is therefore not entitled to judicial review based on this ground.

## III.    CONCLUSION

Based on the foregoing, this Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for lack of subject-matter jurisdiction.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **December 31, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 4, 2013.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 5, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court